# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

Douglas Wayne Derello, Jr.,
Plaintiff
-vs-
Unknown Jackson, et al.,
Defendants.

CV-17-1266-PHX-DGC (JFM)

**Report and Recommendation**
**Re Dismissal of Unserved Defendant**

**Failure to Timely Serve** – Plaintiff's Complaint (Doc. 1) was filed on April 27, 2017. The Court's service Order (Doc. 6) was entered on May 4, 2017.

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Local Civil Rule 16.2(b)(2)(B), which governs prisoner civil rights suits, provides that service shall be completed by the "maximum date to effect service, pursuant to Rule 4 of the Federal Rules of Civil Procedure, or sixty (60) days from filing of service order, whichever is later." Under the foregoing rules, service in this matter should have been completed by July 26, 2017. In addition, the Court's Scheduling Order, filed August 25, 2017 (Doc. 35) advised Plaintiff that the presumptive maximum service date was July 26, 2017.

Service on Olson was first returned unexecuted on May 26, 2017 (Doc. 8). Pursuant to a motion by Plaintiff, the Court ordered the Arizona Department of Corrections to provide a service address. (Order 6/15/17, Doc. 10.) A work address was provided (Doc. 12), and service again attempted, but returned unexecuted on July 6,

1

2017 (Doc. 17). Service was again attempted on the provided work address (*See* Docket Entry 7/20/17.) On August 1, 2017, Plaintiff sought an extension of time to complete service (Doc. 27), which was denied without prejudice (Order 8/1/17, Doc. 28). Thereafter, the most recent attempt at service was returned unexecuted on August 16, 2017 (Doc. 32), indicating that the service packet was returned indicating the defendant was not at the facility.

In the ensuing month, Plaintiff did not make further attempts at service, and in the Order filed September 20, 2017 (Doc. 39), Plaintiff was ordered to show cause why Defendant Olson should not be dismissed.

On September 28, 2017, Plaintiff responded (Doc. 45), relating his efforts to serve Defendant Olson and the report that Defendant Olson is deceased. Plaintiff referenced his desire to amend his Complaint on that basis. Plaintiff did not indicate how he intended to amend his complaint. The Court liberally construed Plaintiff's response as a motion to extend the time to serve Defendant Olson, but could not find "good cause" within the ordinary meaning, "excusable neglect," nor cause to exercise the Court's discretion to extend the time for service. Accordingly, the motion was denied. (Order 10/11/17, Doc. 50.) Plaintiff has not objected to that Order, and the time to do so has expired.

**Application of Law to Facts** - Dismissal of a party is appropriate where a plaintiff fails to show good cause for delays in service. *See Walker v. Sumner,* 14 F.3d 1415 (9th Cir. 1994) (upholding dismissal where no showing of good cause for delay in service).

> At a minimum, "good cause" means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.

*Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir.1991).

Notwithstanding Rule 4(m), where "good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for

2

service." *Petrucelli v. Bohringer and Ratzinger,* 46 F.3d 1298, 1305 (3rd Cir. 1995). "[I]f good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge v. U.S.*, 587 F.3d 1188, 1198 (9th Cir. 2009).

To determine whether a plaintiff demonstrates excusable neglect, courts use the test set forth in *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 394 (1993), and *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir.1997). *See Lemoge*, 587 F.3d at 1198 (holding that plaintiff had established excusable neglect for the purposes of Rule 4(m) via the *Pioneer-Briones* test). The *Pioneer-Briones* test is as follows:

> [T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings, (3) the reason for the delay; and (4) whether the movant acted in good faith.

*Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-1224 (9th Cir.2000). Here, all but the last factor call for a finding of no excusable neglect.

<u>Danger of Prejudice to Unserved Defendant</u> – Defendant Olson (or his estate), if eventually served, would be brought into litigation in which all deadlines either are expired or soon will be. For example, under the current scheduling order, disclosure deadlines have passed and the discovery requests deadline expires December 12, 2017 and the dispositive motions deadline is January 26, 2018. (Order 8/25/17 Doc. 35.)

<u>Length of Delay and Impact</u> - Over 10 weeks have expired since service on Defendant Olson was last returned unexecuted, and some five months since it was first returned unexecuted. To extend the time for service, and to introduce a new defendant would effectively mean resetting the schedule in this case. This case is already over six months old, the original time for service expired over three months ago, and the case is nearing completion, with the discovery and motions deadlines about to expire.

Moreover, the impact would be enhanced if, in fact, Defendant Olsen is deceased, and litigation against his estate were required.

<u>Reason for Delay</u> - Plaintiff's fitful attempts at naming and pursuing service on

3

this defendant do not demonstrate diligence, nor provide sufficient reason to explain the extent of the delay. Rather, much of the delay is attributable to simple neglect.

<u>Good faith</u> - There appears no reason to conclude that Plaintiff has acted in bad faith, as opposed to simply being dilatory.

**<u>Summary</u>** - Plaintiff has failed to show good cause or excusable neglect to justify an extension of time to complete service on Defendant Olson.

**IT IS THEREFORE RECOMMENDED** that, pursuant to Rule 4(m), Defendant Olson be **DISMISSED WITHOUT PREJUDICE**.

## EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: October 30, 2017

17-1266o Order 17 10 30 re RR Dismiss FTSrv.docx

James F. Metcalf
United States Magistrate Judge

4