Mark Brnovich
Attorney General

Neil Singh, No. 021327
Assistant Attorney General
2005 N. Central Ave
Phoenix, Arizona 85004-1592
Telephone: (602) 542-1610
Fax: (602) 542-7670
E-mail: neil.singh@azag.gov
*Attorneys for Defendant Jackson*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DOUGLAS W. DERELLO, <br><br> Plaintiff, <br> v. <br><br> CO II JACKSON, *et al.*, <br><br> Defendants. | No: CV 17-1266-PHX-DGC (JFM) <br><br> **DEFENDANT'S STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

Defendant Jackson submits the following Statement of Facts in support of his Motion for Summary Judgment.

1. As of August 16, 2016, Plaintiff was a prisoner housed at the Eyman complex of the Arizona Department of Corrections. (Doc. 1 at 3.)

2. Brian Wuest, another prisoner, was housed in the same pod as Plaintiff but the two were not cellmates. (*Exhibit 1*, Deposition of Douglas Derello at 12-13.)[1]

3. While Officer Jackson was preparing Plaintiff, Wuest, and some other inmates to go out of the pod for recreation time, Plaintiff alleges that Wuest "turned and looked [and] head-butted me" and "kicked me." (*Id*. at 45.)

---

[1] For as much completeness as the Court may desire, Defendant has provided more pages from Plaintiff's deposition than merely the specific cited page numbers.

4. Wuest assaulted Plaintiff "without explanation or words… without a single word." (*Id*. at 45.)

5. Plaintiff never communicated to Officer Jackson that his life or safety were actually in danger from Wuest in specific terms. (*Exhibit 2*, Declaration of Christopher Jackson, ¶ 3.)

6. Plaintiff was aware of the "805 process" within the Arizona prison system, through which he could have reported a threat to his safety to appropriate prison staff. (*Exhibit 1*, Deposition of Derello at 38-39.)

7. Plaintiff chose not to pursue the 805 process because he had been subjected to it in 2002 and "didn't like the process…" (*Id*. at 39.)

8. Officer Jackson is aware that the Arizona Department of Corrections has procedures in place to address safety concerns of inmates, and relies on those procedures to make decisions about threat-to-safety issues. (*Exhibit 2*, Declaration of Jackson, ¶ 4.)

9. Officer Jackson states from his personal knowledge "it is common for disputes between inmates to arise." (*Id*.)

10. The August 16 assault was documented by an Information Report, included here only to add to the Court's record. (*Exhibit 3*.)

11. The "805 process" refers to Departmental Order 805, a current version of which is included here to add to the Court's record. (*Exhibit 4*.)

Respectfully submitted this 26th day of January, 2018.

        MARK BRNOVICH
        Attorney General

        Neil Singh
        Assistant Attorney General
        *Attorneys for Defendant Jackson*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of January, 2018. I electronically transmitted the attached document to the Clerk of Court using the CM/ECF System.

I further certify that on the same date, the attached document and Notice of Electronic Filing were served by mail to the following, who is not a registered participant of the CM/ECF System:

Douglas W. Derello, #037292
ASPC Florence South Unit
P O Box 8400
Florence, AZ  85132
*Plaintiff Pro Se*

s/ G. Ybarra
#6775027