Douglas Wayne Derello
#37292
ASPC-Florence/South Unit
PO Box-8400
Florence, ARIZONA 85132

FILED ✓  LODGED ___
RECEIVED ___  COPY ___
MAR 2 9 2018
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Douglas W. Derello,

  Plaintiff,

vs

CO II Jackson

  Defendant(s).

NO. CV-17-01266-PHX-DGC-JFM
PLAINTIFF CONTROVERTING STATEMENT OF FACTS IN SUPPORT OF PLAINTIFF RESPONSE TO DEFENDANT CO II JACKSON MOTION FOR SUMMARY JUDGMENT

Plaintiff Douglas W. Derello (Pitf) Provides here with his Declaration Pursuant to 28 U.S.C. § 1746 ("Unsworn Declarations under penalty of perjury") and pursuant to Fed.R.Civ. p.56 (c) (4) (see Attachment#1).

1. I make this Declaration based upon my personal knowledge and belief each and all are true and correct.

2. I am the Plaintiff in the above case number that was assaulted by Inmate (I/M) Wuest on August 16, 2017. As stated in Defendant's Jackson (Declaration at 2, ¶ 2). and, Because Mr. Derello did not communicate any concerns a supervisor or take other appropriate action regarding any conflict between him and Mr. Wuest. Also, as a correctional officer I rely on ADC policies and procedures to provide I/M's like Derello with a way to communicate for his safety. (Decl. at 3, ¶ 5)

01 #3 While Officer Jackson was preparing Plaintiff, Wuest,
02 and some other inmates to go out of the pod for recreation
03 time, Plaintiff alleges that Wuest " turned and looked
04 (and) head-butted me" and " kicked me." (Exhibit 1,
05 Deposition of Douglas Derello at,45)
06 #4 Wuest assaulted Plaintiff "without explanation
07 or words...without a single word" (Id. at 45.)
08 #5 Plaintiff never communicated to Officer Jackson
09 that his life or safety was actually in danger from
10 Wuest in specific terms (Exhibit 2, Declaration of
11 Christopher Jackson, ¶ 3.)
12 #6 Plaintiff was aware of the "805 process" within
13 the Arizona prison system, through which he could have
14 reported a threat to his safety to appropriate prison staff.
15 (Exhibit 1. Deposition of Derello at 38-39.)
16 #7 Plaintiff chose not to pursue the 805 process
17 because he had been subjected to it in 2002 and "didnt like
18 the process..."(Id at 39.)
19 #8 Officer Jackson is aware that the Arizona Department
20 of Corrections has procedures in place to address safety concerns
21 of inmates, and relies on those procedures to make decisions
22 about threat-to-safety issues. (Exhibit 2, Declaration of
23 Jackson, ¶ 4.)
24 #9 Officer Jackson from his personal knowledge " it is
25 common for disputes between inmates to arise." (Id.)
26 #10 The August 16 assault was documented by an information
27 Report, included here only to add to the courts record (Exibit3),
28

2

Case 2:17-cv-01266-DGC   Document 87   Filed 03/29/18   Page 3 of 6

01  #11.   The "805 process" refers to Departmental Order 805,
02  A current version of which is included here to add to the
03  Courts record. (Exhibit 4.)
04  #12   For as much completeness as the court may desire, Defendant
05  has provided more pages from Plaintiff's deposition than merely the
06  specific cited page numbers.
07  #13 Defendant Jackson does not state:
08     a. That he was the one and only officer on August 16, 2017;
09        that had all five prisoners out in the pod to be
10        escorted out to recreation. Including mr. Wuest and
11        Plaintiff. (Decl. at 2, ¶ 2)  He claim four use interrogatory
12     b. That it was his actions/or inactions that ALLOWED
13        the assault to occur against plaintiff by mr. wuest.
14  (Decl. at 2, ¶ 2)
15  #14.   Defendant Jackson does not deny that he was the officer
16  that pulled-out I/M wuest and plaintiff along with the other
17  Inmates when I was attacked. (Decl at 2, ¶ 2).
18  #15. Defendant Jackson does not deny that he was present
19  at the time that plaintiff was assaulted by I/M wuest, or
20  deny that he was or dispute Plaintiff's statement that he had
21  communicated to him been made aware by me on occassions prior
22  to August 16, 2016 that Brian threatended physical harm to me.
23  (Decl., ¶ 2).
24
25  Submitted this 23 day of March,
26  2018
27  Sign [signature]
28             3

MEMORANDUM OF POINTS AND AUTHORITIES

1. The Court Should Not Grant Summary Judgment In Favor Of A Party Whose Motion and Sworn Declaratoin Rely Principally On Not Produced Discovery Documents Which the Party REFUSES to Discloses.

Plaintiff Derello litigated his case pro se. While Plaintiff was pro se, this court denied (Dkt 84-1) Plaintiffs motion for CONTINUANCE TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT.

A. ARGUMENT

Although summary judgment is proper in a case in which there is no genuine dispute of matieral fact, this is not a case in which the Court should grant summary judgment. See Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322(1986).

B. Applicable Legal Standards.

"(W)here the facts are in possession of the non-moving party, a continuance of a motion or summary judgment should be granted as a matter of course." Jones v. Blanas, 393 F.3d 918 (9th Cir. 2004)(reversing summary judgment in favor of prison defendants in strip search case without permitting discovery of defendants strip search policies). Under Rule 56(f), the court may postpone ruling on a summary judgment motion where the non-moving party needs "additional diacovery to explore facts essential to justify the partys opposition.'" Crawford-El v. Britton, 523 U.S. 574 n. 20, (1998)(quoting Fed. R. Civ. Pro.56(f). In cases involving prose plaintiffs summary judgment is disfavored where relevant evidence remains to be discovered.

4

01 | Klingele v. Eikenberry, 849F.2d409,412(9th Cir.1998).
02 | Summary judgment in the face of requests for additional
03 | discovery is appropriate only where such discovery would
04 | be "fruitless" with respect to the proof of a viable claim.
05 | Klingele,849F.2d at 412.
06 |   Plaintiffs has been trying to get the Defendant to send the
07 | requested for documents for months now. Gillien v. Owens,
08 | No. CV-10-226-PHX-JWS(LOA) (D. Ariz. Nov.23,2011)(Requiring
09 | ADC to produce documents on its policies and procedures and
10 | various reports in responce to inmate litigation discovery
11 | requests).

5

## CERTIFICATE OF MAILING

The ORIGINAL
OF THE forgoing filed
this 23 day of MARCH 20
with:

Assigned to: Judge David G. Campbell
Referred to: Magistrate Judge James F Metcalf

TWO COPIES
OF THE Foregoing filed
this 23 day of march 20
with:

Clerk of the Arizona District Court:

ONE COPY
of the foregoing filed
this 23 day of march 20
with:

Attorney for the Plaintiff/State:

Neil Singh, No. 021327
Assistant Attorney General
2005 N. Central Ave
Phoenix, Arizona 85004-1592

By _____
Douglas W. Derello
Pro-Per